IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHNNY EUGENE EARLS                                                     PLAINTIFF

      v.                          CIVIL NO. 2:21-cv-02020-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                      DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 30). Defendant has filed a response (ECF No. 33), and the matter is now ripe for resolution.

On September 26, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $10,840.73, representing a total of .50 attorney hours for representation in 2020, at an hourly rate of $250.69; 22.75 attorney hours in 2021, at hourly rates varying from $252.07 to $267.16; 28.50 attorney hours in 2022, at hourly rates from $271.63 to $287.61; and 30.17 paralegal hours, at an hourly rate of $110.00. (ECF No. 30). Defendant filed a response on October 18, 2022, objecting to both the hourly rates and total hours requested by Plaintiff. (ECF No. 33).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party and the government's decision to deny benefits was not "substantially justified." *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits). We find, however, that the hourly rates requested for both attorney and paralegal hours exceed the hourly rates approved by the Court. The current rate for attorney hours performed in 2020 is $203.00;

$206.00 for 2021, and $221.00 for 2022; while the rate for paralegal time is $75 per hour. 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")).

The Court has completed its independent review of counsel's itemized statement and finds the fees sought were reasonably expended in obtaining Plaintiff's relief, with the following deductions. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved). Defendant objects to a total of 5.25 attorney hours for work performed between December 2020 and January 2021, insisting that this time is not compensable because it consists of pre-complaint work. Defendant also objects to a total of 6.33 paralegal hours for the same tasks. While we agree that most of these tasks were preformed prior to the filing of the complaint, it is reasonable that an attorney would need to conduct a review of the case and consult with the Plaintiff before deciding whether an appeal to this Court would be appropriate, even if he represented the client at the administrative level. We find that two hours is sufficient for such pre-complaint work. Accordingly, we will reduce the total number of attorney hours awarded by 3.25 and the total paralegal hours by 4.33 hours.

Defendant also objects to a total of .42 attorney hours and .75 paralegal hours for time expended in February and August 2021 for tasks to include reviewing cover letters, summonses,

2

and the briefing schedule. Given the clerical nature of these tasks, we will reduce the total number of attorney hours by .17 and the total paralegal hours by .50.

Lastly, Defendant objects to a total of 3.00 attorney hours and 4.42 paralegal hours requested for the preparation of the EAJA Motion and its accompanying documents. We agree that the requested time for these tasks is excessive, and we will reduce the attorney hours for these tasks by 1.00 hour and the paralegal hours by 2.42.

Accordingly, Plaintiff is entitled to an EAJA award in the amount of $6,726.75 (19.75 x $206.00 = $4,068.50) + (4.25 x $221.00 = $939.25) + (22.92 x $75.00 =$1,719.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the sum of **$6,726.75** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

DATED this 16th day of November 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE